IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| LETA N. PARKER, | * | |
| | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-14-2289 |
| | * | 14-2290 |
| UNITED STATES DEPARMENT OF HEALTH AND HUMAN SERVICES, ET. AL., | * | |
| | * | |
| Defendants. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This is a Title VII action brought by Plaintiff Leta N. Parker ("Plaintiff") against the United States Department of Health and Human Services ("DHHS") and Secretary Kathleen Sebelius (collectively, "Defendants"), arising from Plaintiff's former employment as an expert consultant with DHHS. This Memorandum and accompanying Order address Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment. *See* ECF No. 20. A hearing is unnecessary in this case. *See* Loc. R. 105.6 (Md.). For the reasons stated below, Defendants' Motion to Dismiss, or in the alternative for Summary Judgment, is GRANTED.

**I.   BACKGROUND**

On June 21, 2009, Plaintiff, an African-American woman, was hired to a one-year term appointment as an Organizational Development Consultant at DHHS. *See* ECF No. 20-1 at 5.[1] Plaintiff entered DHHS at a GS-13 rate of $41.35 per hour, and her contract was extended for a

---

[1] For the citations in this Memorandum Opinion, the Court uses the page numbers assigned to the document from CM/ECF or PACER.

second year in May of 2010 at an increased hourly rate of $44.08. *See id.* at 6. Plaintiff alleges that after she was hired, DHHS hired three white male employees with comparable experience and treated them more favorably than her, including by paying them at a higher rate. *See id.* Plaintiff also alleges that she was denied the opportunity to telework, denied opportunities to attend specific training events, and denied opportunity to use accrued leave time. *See id.* at 8-11. Ultimately, on July 1, 2011, Plaintiff was notified that, as of July 30, 2011, her temporary appointment as a consultant would end. *See id.* As a result, Plaintiff's employment with DHHS terminated on July 30, 2011. *See id.*

Upon learning that DHHS was not going to continue her temporary appointment, Plaintiff contacted DHHS's Equal Employment Opportunity ("EEO") office on July 22, 2011. On September 2, 2011, the EEO Office sent Plaintiff a written Notice of Right to File a Formal Complaint and advised Plaintiff of her responsibility to file a formal complaint within fifteen days of receipt of the notice. *See* ECF No. 20-17. On September 21, 2011, DHHS accepted Plaintiff's EEO complaint for investigation. *See* ECF No. 20-18. At the investigation's conclusion, Plaintiff was issued the Report of Investigation on December 10, 2012 by hand delivery. *See* ECF No. 20-22. On January 9, 2013, Plaintiff requested a hearing before an Equal Employment Opportunity Commission ("EEOC") Administrative Judge. *See* ECF No. 20-23 at 1. On May 9, 2013, Plaintiff voluntarily withdrew her hearing request and requested that DHHS issue a final decision regarding her complaint. *Id.* On May 10, 2013, the administrative judge dismissed the complaint with prejudice and remanded it to DHHS for a final decision. *Id.* at 1-2. DHHS issued its final decision finding no discrimination on September 26, 2013. *Id.* at 1. Plaintiff received notice of DHH's final decision on September 30, 2013. *See* ECF No. 20-24 at ¶ 1.

2

On December 23, 2013, Plaintiff filed a petition for review of the final agency decision in District of Columbia Superior Court. *See* ECF No. 1-1. Defendants subsequently removed the case to the United States District Court for the District of Columbia. *See* ECF No. 1. On June 27, 2014, United States District Judge Emmet G. Sullivan issued an order transferring the case to this Court. *See* ECF No. 9. On March 16, 2015, Defendants filed a Motion to Dismiss, or in the alternative, for Summary Judgment. *See* ECF No. 20. Plaintiff did not file an opposition to Defendants' motion. The Court therefore ordered Plaintiff to show cause, by no later than May 6, 2015, as to why the Court should not dismiss Plaintiff's complaint for the reasons stated in Defendants' motion. *See* ECF No. 21. In its Order to Show Cause, the Court also directed Plaintiff to file its opposition to Defendants' motion to dismiss or in the alternative for summary judgment. See *id.* The Court warned Plaintiff that "[f]ailure to respond to th[e] Order to Show Cause may result in the immediate dismissal of this lawsuit." *Id.* Plaintiff did not comply with the Court's Order to Show Cause and has not filed an opposition to Defendants' motion.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint if it "fails to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). To that end, the Court bears in mind the requirements of Fed.R.Civ.P. 8, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal, 5*56 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and must state "a plausible claim for relief," as

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 663.

### III.  DISCUSSION

As an initial matter, the Court will grant Defendants' motion to dismiss or in the alternative for summary judgment based on Plaintiff's failure to respond to the Court's Order to Show Cause, as well as her failure to respond to Defendants' motion, which the Court considers a formal abandonment of Plaintiff's claims. *See e.g., Ferdinand–Davenport v. Children's Guild,* 742 F.Supp.2d 772, 777 (D. Md. 2010) ("By her failure to respond to [defendant's] argument" in a motion to dismiss, "the plaintiff abandons [her] claim."); *Mentch v. Eastern Sav. Bank, FSB,* 949 F. Supp. 1236, 1247 (D. Md. 1997) (holding that failure to address defendant's arguments for summary judgment in opposition brief constituted abandonment of the claim); *Johnson v. Nationstar Mortgage, LLC*, No. 14-02536, 2014 WL 5377636, at *2, n.2 (D. Md. Oct. 21, 2014) (dismissing claim, in part, because plaintiff failed to respond to defense arguments raised in its motion to dismiss). But even if the Court considered the substance of Plaintiff's claims, it would still grant Defendants' motion because Plaintiff's claims are untimely.

Where, as here, a Title VII action is brought by a federal employee, plaintiffs must exhaust their administrative remedies in a timely fashion. In particular, federal employees "must initiate contact with a[n EEO] Counselor within 45 days of the matter alleged to be discriminatory." 29 C.F.R. § 1614.105(a)(1); *see also Smith v. Vilsack*, 832 F.Supp.2d 573, 581 (D. Md.2011). This forty-five day time limit functions as a statute of limitations. *See Zografov v. V.A. Medical Center*, 779 F.2d 967, 969 (4th Cir.1985).

In the case at bar, many of the alleged acts of discriminatory conduct took place between September 15, 2010 and May 2011 and therefore more than forty-five days prior to July 22, 2011, when plaintiff initiated contact with an EEO Counselor. *See* ECF No. 20-16. Specifically, Plaintiff alleges that: (i) she suffered race and sex discrimination when on September 15, 2010, she discovered that three of her white male co-workers were being paid more than her; (ii) she suffered race and sex discrimination and retaliation when on September 22, 2010, the Director removed duties and responsibilities from Plaintiff; (iii) she suffered retaliation when on October 5, 2010, the Director denied Plaintiff the opportunity to attend training and participate in team meetings; (iv) she suffered retaliation and disability discrimination when in January 2011, the Director denied Plaintiff the opportunity to telework for eighty (80) hours per pay period while two white females were allowed to telework for eighty (80) hours per pay period; (v) she suffered disability discrimination and retaliation when on January 14, 2011, Plaintiff discovered that other employees were allowed to telework as a reasonable accommodation; and (vi) she suffered retaliation when in May 2011, the Director denied Plaintiff the opportunity to attend the Leadership Symposium. *See* ECF No. 20-20. Because Plaintiff failed to contact an EEO Counselor within forty-five days of these discrete discriminatory acts, her claims based on these acts are time-barred and must be dismissed. *See Camacho v. Colvin*, Case No. 13-1303, 2014 WL 2772314, at *5 (D. Md. June 17, 2014) (dismissing as untimely and unexhausted discrete acts of discrimination that occurred more than forty-five days prior to plaintiff's contact with an EEO Counselor).

As for those alleged discrete acts of discrimination upon which Plaintiff relies that occurred within forty-five days of her contacting the EEO Counselor, those acts also cannot support her claim because they are also untimely – albeit for a different reason. Specifically,

Plaintiff describes three discrete acts of alleged discrimination that occurred within the forty-five day window. First, Plaintiff contends that on July 2, 2011, the Director told her that she was being terminated effective July 30, 2011. *See* ECF No. 20-20. Next, she contends that on July 2, 2011, after being told her contract would expire on July 30, 2011, the Director denied Plaintiff's request to extend her term until October 1, 2011. *See id.* And finally, Plaintiff alleges that on July 30, 2011, she was terminated from federal employment. *See* ECF No. 20-20.

Because Plaintiff's administrative complaint alleges that she was discriminated against on the basis of race, color, disability, and sex and that she was terminated as a result of unlawful discrimination, her complaint constitutes a "mixed case" complaint. *See* 29 C.F.R. § 1614.302(a)(1) (defining a mixed case complaint as "a complaint of employment discrimination filed with a federal agency based on race . . . [or] disability . . . stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)"); *Ballard v. Tenn. Valley Auth.*, 768 F.2d 756, 757 (6th Cir. 1985) ("A 'mixed case' is one in which an employee alleges that unlawful discrimination was a motivating factor in the personnel action being appealed.").

A federal employee may exhaust her mixed case complaint using one of two paths. First, a plaintiff may choose between filing a "mixed case complaint" with her agency's EEO Office and filing a "mixed case appeal" directly with the MSPB. *See Bonds v. Leavitt*, 629 F.3d 369, 378 (4th Cir. 2011); *see also Rzucidlo v. McHugh*, 979 F. Supp. 2d 526, 531 (M.D. Pa. 2013). If, as here, the employee elects to file a mixed case complaint with the EEO office, she has thirty (30) days following the receipt of the agency's final decision to either file an appeal with the Merit Systems Protection Board . . . or a civil action in district court, but she cannot do both simultaneously. *See Bonds*, 629 F.3d at 378 (citing 29 C.F.R. §§ 1614.302(d)(1)(ii), 1614.302(d)(3), 1614.310(a); *see also* 29 C.F.R. § 1614.310(a) ("An individual who has a

complaint processed pursuant to [29 C.F.R. § 1614] is authorized by 5 U.S.C. [§] 7702 to file a civil action in an appropriate United States District Court [w]ithin 30 days of receipt of a final decision issued by an agency on a complaint unless an appeal is filed with the MSPB"). Courts have interpreted this time limit "to be nonjurisdictional and equivalent to a statute of limitations." *Joyner v. Garrett*, 751 F. Supp. 555, 761 (E.D. Va. 1990) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

Here, Plaintiff chose to file her mixed case complaint with DHHS's EEO Office, which issued its Final Decision on the merits of Plaintiff's complaint on September 26, 2013. *See* ECF No. 20-23 at 27. Plaintiff received DHHS's final decision on September 30, 2013. *See* ECF No. 20-24 at ¶ 1. It was not until December 23, 2013, however, when Plaintiff filed a petition for review of the final agency decision in District of Columbia Superior Court, which was eighty-four (84) days after Plaintiff received notice of DHHS's final decision. Because Plaintiff failed to seek judicial review in a federal district court within the thirty (30) day timeframe set forth in 29 C.F.R. § 1614.310(a), her termination-based claims are time-barred and must be dismissed for failure to state a claim.

IV.     **CONCLUSION**

For the reasons discussed, Defendants' Motion to Dismiss or in the alternative for Summary Judgment, ECF No. 20, is GRANTED.

Dated: <u>July 27, 2015</u>                                          <u>        /S/                        </u>
                                                                  George J. Hazel
                                                                  United States District Judge

7